IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HORACE THOMAS,                                              No. 2:14-cv-0108-GEB-CMK-P

       Plaintiff,

  vs.                                                                    ORDER

W. HANKS,

       Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

       Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claim.  Plaintiff claims he is being harassed and retaliated against for filing an Americans with Disabilities Act appeal, and appears sufficiently capable of articulating the issue, which does not appear to be overly complex.  In his motion, plaintiff states that he requests counsel as an indigent inmate, who is unable to afford counsel, in order to protect his interests.  The court finds these reasons insufficient to meet the "exceptional circumstances" requirement or establish that plaintiff cannot articulate his claims without counsel.  In addition, given the facts as alleged in the complaint, it does not appear likely at this stage of the proceedings, that plaintiff will  succeed on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 20) is denied.


DATED:  May 21, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE