...

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HORACE THOMAS, | ) | 2:14-cv-00108-GEB-BMK |
| | ) | |
| Plaintiff, | ) | (1) ORDER DENYING |
| | ) | PLAINTIFF'S MOTION TO |
| vs. | ) | DISCOVER PERSONNEL FILE OF |
| | ) | PEACE OFFICER (DOC. 29); (2) |
| W. HANKS, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART |
| Defendant. | ) | DEFENDANT'S MOTION TO |
| | ) | COMPEL PLAINTIFF'S |
| | ) | DEPOSITION AND TO RECOVER |
| | ) | EXPENSES (DOC. 31); AND (3) |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR APPOINTMENT OF |
| | ) | COUNSEL (DOC. 32) |
| _____ | ) | |

(1) ORDER DENYING PLAINTIFF'S MOTION TO DISCOVER PERSONNEL FILE OF PEACE OFFICER (DOC. 29); (2) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND TO RECOVER EXPENSES (DOC. 31); AND (3) ORDER DENYING PLAINTIFF'S <u>MOTION FOR APPOINTMENT OF COUNSEL (DOC. 32)</u>

Before the Court are:  Plaintiff Horace Thomas's Motion to Discover Personnel File of Peace Officer (Doc. 29), (2) Defendant W. Hanks's Motion to Compel Plaintiff's Deposition and to Recover Expenses (Doc. 31), and (3) Plaintiff's Motion for Appointment of Counsel (Doc. 32).  After careful consideration of the Motions and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motions and GRANTS IN PART AND DENIES IN

PART Defendant's Motion. The Court orders Plaintiff to participate in and testify at his deposition.

I.   Plaintiff's Motion to Discover Personnel File of Peace Officer

Plaintiff moves to compel production of Defendant's personnel file. (Doc. 29.) Specifically, he seeks "excessive force complaints, racial bias complaints, falsifying information complaints, planting evidence complaints, [and] complaints that have a striking similarity to Plaintiff's issues contained in the suit." (Motion at 2-3.) Notably, Plaintiff did not request these records through the discovery process set forth in the Federal Rules of Civil Procedure ("FRCP").

FRCP Rule 37(a)(1) requires that motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 251(b) also states that a motion to compel discovery "shall not be heard unless . . . the parties have conferred and attempted to resolve their differences." Plaintiff has made no such certification and, according to Defendant, "Plaintiff has not sought the requested documents by serving any discovery request on Defendant." (Opp. at 2.) Insofar as Plaintiff failed to comply with the certification requirement of Rule 37(a)(1) and did not confer with defense counsel as required under Local Rule 251, the Court denies

2

Plaintiff's motion to compel production of Defendant's personnel file. Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012) ("A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion."); see Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 170-73 (D. Nev. 1996).

 II. Defendant's Motion to Compel Plaintiff's Deposition and to Recover Expenses

Defendant moves to compel Plaintiff's deposition. After timely noticing Plaintiff's deposition, Plaintiff notified Defendant that he would not attend the deposition. (Hood Decl'n 3/28/2015 ¶¶ 2-3.) On March 3, 2016, defense counsel nevertheless appeared for the deposition, hoping Plaintiff would participate. (Id. ¶ 4.) However, a correctional officer informed defense counsel that Plaintiff refused to attend the deposition. (Id.)

Defendant is entitled to conduct discovery, which includes taking Plaintiff's deposition, to obtain information regarding the factual allegations, and legal claims and defenses at issue in this case. FRCP 26(b)(1) & 30. The moving party bears the burden of showing "actual and substantial prejudice" from the denial of discovery. Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011). "Broad discretion is vested in the trial court to permit or deny discovery." Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996).

Plaintiff's refusal to appear at his deposition violates the Court's Scheduling Order issued on October 22, 2015, which explicitly permitted Defendant to depose Plaintiff. (Doc. 28 at 2 ("defendant(s) may depose plaintiff").) Plaintiff's actions impede Defendant's investigation of the factual allegations made against him and inhibit Defendant's ability to adequately defend against Plaintiff's claims. The Court finds that Plaintiff's refusal to be deposed actually and substantially prejudices Defendant and, therefore, orders that Plaintiff participate in and testify at his deposition. See Shinseki, 644 F.3d at 888.

Defense counsel also moves to recover expenses she incurred in attempting to take his deposition and in filing the instant motion. FRCP 30(d)(2) authorizes courts to "impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." The Court denies Defendant's request for expenses without prejudice at this time. So long as Plaintiff meaningfully participates in his deposition, the Court will not impose sanctions against Plaintiff. The Court cautions Plaintiff, however, that another refusal to participate in his deposition may result in a dismissal of his case.

### III. Plaintiff's Motion for Appointment of Counsel

In his Opposition to Defendant's Motion to Compel Plaintiff's Deposition, Plaintiff "renews [his] motion for appointment of counsel." (Doc. 32 at 1.) Plaintiff previously moved for appointment of counsel, which was denied. (Doc. 21.)

There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Soc. Serv., 452 U.S. 18, 25 (1981). In certain "exceptional circumstances," the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See id. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In his renewed Motion for Appointment of Counsel, Plaintiff simply states that he "request[s] appointment of counsel." (Motion at 2.) He does not provide any argument or explanation for this renewed request. Without more, the Court stands by its earlier finding that this case does not meet the "exceptional circumstances" requirement. Indeed, Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims, and it does not appear likely that

Plaintiff will succeed on the merits.  Accordingly, the Court denies Plaintiff's renewed request for appointment of counsel.

## CONCLUSION

In light of the foregoing reasons, the Court (1) DENIES Plaintiff's Motion to Discover Personnel File of Peace Officer (Doc. 29), (2) GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel Plaintiff's Deposition and to Recover Expenses (Doc. 31), and (3) DENIES Plaintiff's Motion for Appointment of Counsel (Doc. 32).  The Court ORDERS Plaintiff to meaningfully participate in and testify at his deposition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 29, 2016



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Horace Thomas v. W. Hanks, 2:14-cv-00108 GEB-BMK, (1) ORDER DENYING PLAINTIFF'S MOTION TO DISCOVER PERSONNEL FILE OF PEACE OFFICER (DOC. 29); (2) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND TO RECOVER EXPENSES (DOC. 31); AND (3) ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. 32).